# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EARL GEORGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:20-CV-320 |
| | ) |
| **MS. JERI SMOCK, CHCA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

This action was received by the Clerk of Court on November 10, 2020 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In his complaint, Plaintiff, an inmate acting pro se, alleges that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical treatment after he was diagnosed with "bilateral inguinal adenopathy." Plaintiff named the following as Defendants: Jeri Smock, the Correctional Health Care Administrator; Superintendent Michael Clark; Physician's Assistant Daniel Stroup; and the Correct Care Solutions/Wellpath Corporation, an entity contracted to provide medical services to inmates at SCI Albion.

Defendants Clark and Smock, employees of the Pennsylvania Department of Corrections, moved to dismiss the action against them, while Defendants Stroup and Correct Care answered the complaint. ECF No. 22; ECF No. 26. Plaintiff filed briefs in opposition to the pending dispositive motion. ECF No. 27; ECF No. 28.

1

Thereafter, Plaintiff sought leave to file an amended complaint which was granted by Magistrate Judge Lanzillo. Following the filing of the amended complaint, the dispositive motion was dismissed. The operative complaint remains the amended complaint. ECF No. 33. In response to it, Defendants Clark and Smock moved to dismiss the action against them, while Defendants Stroup and Correct Care answered the complaint. ECF No. 36; ECF No. 39. Plaintiff filed briefs in opposition to the motion to dismiss. ECF No. 40; ECF No. 41.

On July 23, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that Defendants' motion to dismiss be granted. ECF No. 42. Judge Lanzillo concluded that "aside from being named in the caption, Smock and Clark are not named or referenced anywhere in the Amended Complaint. It is entirely unclear from [Plaintiff's] pleading what role either of those individuals played in the supposed deprivation of George's Eighth Amendment rights." *Id*. at page 5. After finding the amended complaint itself failed to state a claim, Judge Lanzillo reviewed Mr. George's opposition brief for facts upon which the involvement of Smock or Clark might be based. Although Mr. George laid out more facts in his opposition brief[1], it was clear that any claim against Clark was based on his involvement in the grievance process and Smock's involvement remained unclear. Accordingly, Judge Lanzillo concluded that the motion to dismiss should be granted, and because Plaintiff had already been allowed an opportunity to amend his complaint, any further attempt at amendment would be futile.

Thereafter, the case took an unusual procedural track. On August 2, 2021, even though there had been no final order, Plaintiff filed a Notice of Appeal to the Court of Appeals for the

---

[1] As Judge Lanzillo pointed out, "… the complaint may not be amended by the briefs in opposition to a motion to dismiss." ECF No. 42, page 6 n.3, *quoting Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) and *Bracken v. Cty of Allegheny*, 2017 WL 5593451, at *2 (W.D. Pa. 2017).

Third Circuit. ECF No. 43. Plaintiff's filing did not indicate the basis for his appeal. It was not until December 8, 2021, the Third Circuit dismissed Mr. George's appeal.[2] ECF No. 48.

On August 4, 2021, shortly after he filed the appeal to the Third Circuit, Plaintiff filed a short Motion for Leave to File an Amended Complaint. ECF No. 44. As the basis for the motion to amend, Plaintiff contends that he "failed to make clear some of the Defendants role and why they are responsible for their failed actions and how they violated Plaintiff's constitutional rights." *Id*. Additionally, Plaintiff requests that this Court "disregard the motion to appeal due to its premature filing." *Id*. There is no proposed amended complaint attached to Plaintiff's motion and Plaintiff makes no further argument.

On August 12, 2021, Plaintiff filed Objections to the Report and Recommendation. ECF No. 46. Plaintiff provides dates of the contested actions of Defendant Smock, all of which revolve around Smock's involvement in the grievance process. As Judge Lanzillo pointed out the involvement of Smock through the denial of grievance as CHCA (who is neither a physician nor a health care provider) fails to rise to the level of personal involvement for purposes of liability under § 1983.

Next, Plaintiff argues that Clark and Smock "knew PA Stroup has had civil actions against him in the past for allegation of 4th, 8th Amendments to the Constitution, and therefore allowed Mr. Stroup to continue to violate law for practicing medicine as a M.D. without a medical doctors degree." Plaintiff does not elaborate on this statement. This is the only mention of Defendant Clark anywhere in Plaintiff's Objections. Even if any part of this statement is true, it does not establish the personal involvement of Clark and Smock so as to make them liable for any deliberate indifference to Plaintiff's medical needs under § 1983.

---

[2] The dismissal of the appeal was based on Plaintiff's failure to timely prosecute the appeal and to pay the requisite fee.

3

Finally, in an exhibit attached to the Objections, Plaintiff outlines his medical history and complaints. This outline is not an affidavit and is not signed by Plaintiff. Even this document provides no further factual details involving Smock or Clark but instead focuses on the actions of Defendant Stroup.

After *de novo* review of the amended complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 21st day of December 2021;

IT IS ORDERED that the motion to dismiss filed by Defendants Smock and Clark [ECF No. 36] is granted.

IT IS FURTHER ORDERED that because Plaintiff has had multiple opportunities to amend his complaint and because this Court has reviewed Plaintiff's other filings for factual details upon which a § 1983 action against Smock and Clark could be based, Plaintiff's motion to amend [ECF No. 44] is denied as futile.

AND, IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on July 23, 2021 [ECF No. 42] is accepted and adopted as the opinion of the court. The Clerk of Court should be directed to terminate Smock and Clark as parties to this action.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge